# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE:  DANIELLE PHILLIPS                                                              No. 1:23-mc-00029-WJ

## ORDER TO SHOW CAUSE

Danielle Phillips is an attorney who represents criminal defendants in the United States Court for the District of New Mexico.  In two of her cases, counsel for the United States has notified the Court that Ms. Phillips may have a conflict because she "is the target of a federal investigation in the Northern District of Alabama." Doc. 58 at 1, filed December 9, 2022, in *United States v. Carpenter*, No. 2:22-cr-01321-MIS-1; Doc. 112 at 1-2, filed June 11, 2023, in *United States v. Clay*, No. 2:22-cr-01841-KG-1.

Court records for the United States District Court for the Northern District of Alabama show that the United States of America filed an Information charging Ms. Phillips in Count One pursuant to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, stating Ms. Phillips:

> did knowingly and willfully conspire, combine, and agree to commit offenses against the United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property belonging to others by means of materially false and fraudulent pretenses, representations, and promises, by use of interstate wire communications and transmissions, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

> 8.    It was a purpose of the conspiracy for defendants **KENNETH L. PHILLIPS** and **DANIELLE A. PHILLIPS** to unlawfully enrich themselves by submitting and causing the submission of a false and fraudulent application for COVID-19 grant funds from the State of Alabama and then using the funds received from the State of Alabama for their personal use.

Doc. 1 at 2-3, filed August 30, 2023, in *United States v. Phillips*, No. 2:23-cr-00332-MHH-GMB-2 (N.D. Ala.) ("*Phillips*").

Ms. Phillips entered a Plea Agreement in which she "agrees to (i) plead guilty to **COUNT ONE** of the information . . . (iv) pay restitution of $1,849,172.91 to the Alabama Department of Finance" and states she understands that the maximum statutory punishment that may be imposed includes imprisonment for not more than 5 years.  Doc. 3 at 1-2, filed August 30, 2023, in *Phillips*.  Arraignment is set for September 14, 2023.

The Judges in the District of New Mexico have an obligation to "maintain and enforce high standards of conduct" to uphold the integrity of the Court, maintain the public confidence in the judiciary, and not injure our system of government under law.  Code of Conduct for United States Judges at 2-3 (March 12, 2019).  The Court maintains and enforces high standards of conduct by, among other things, imposing discipline on attorneys who have been convicted of:

> any felony, i.e. a crime punishable by a term of imprisonment of more than one year; any lesser crime that reflects adversely on the honesty, trustworthiness or fitness of the attorney in other respects; or any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation to commit a crime.

D.N.M.LR-Civ 85.13.  Although Rule 85.13 is a Local Rule of Civil Procedure, and Ms. Phillips appears in this Court in criminal cases, the Court may impose discipline on attorneys in criminal cases who have been convicted of any felony or any lesser crime described in Rule 85.13.  *See In re Bello*, 237 Fed.Appx. 363, 366 (10th Cir. 2007) ("The District of New Mexico has 'inherent supervisory power' over the conduct of attorneys appearing in its courtrooms and this power includes the ability 'to control admission to its bar and to discipline attorneys who appear before it.'") (quoting *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted)); D.N.M.LR-Cr. 57.2 ("In all criminal proceedings, attorneys will comply with the Rules of Professional Conduct adopted by

the Supreme Court of the State of New Mexico"); N.M. Rule of Professional Conduct N.M.R.A. 16-804(B-C) ("It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" and "engage in conduct involving dishonesty, fraud, deceit or misrepresentation").

The Court orders Ms. Phillips to show cause why the Court should not discipline, suspend or disbar her based on her prospective guilty plea regarding the charge in the Information filed in *Phillips*.

Ms. Phillips may, within 14 days of entry of this Order, request that the undersigned appoint a Panel of Judges to review Ms. Phillips' prospective guilty plea and may request that the Panel conduct a hearing to determine whether discipline, suspension or disbarment is appropriate. *See* D.N.M.LR-Civ. 83.10(a).  If Ms. Phillips requests a hearing, she must state the reasons why she believes a hearing is necessary. *See* D.N.M.LR-Civ. 83.10(a) ("The Chief District Judge will appoint a panel of federal judges ... [which may] *if necessary*, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate") (emphasis added).  Because the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, Ms. Phillips' response to this Order to Show Cause must include all the materials Ms. Phillips wishes the Panel to consider.

**IT IS THEREFORE ORDERED** that Ms. Phillips shall, within 14 days of entry of this Order, show cause in writing why the Court should not discipline, suspend or disbar her due to her conduct as described above.  Failure to timely show cause will result in discipline, suspension or disbarment.

**IT IS ALSO ORDERED** that the Clerk of Court serve this Order on Ms. Phillips via email and U.S. Mail certified-return receipt at Ms. Phillips's addresses on record with the Court.  The

Clerk shall also indicate on the docket when a copy of this Order was sent via email and U.S. Mail, and file a copy of the receipt after it is returned.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**