# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE: DANIELLE PHILLIPS                                   No. 1:23-mc-00029-WJ-KWR-MV

## ORDER OF PERMANENT DISBARMENT

Before Panel Members Chief United States District Judge **William P. Johnson**, United States District Judge **Kea W. Riggs**, and Senior United States District Judge **Martha Vázquez.**

---

On November 21, 2023, Danielle Phillips entered a Guilty Plea as to Count One of the Information filed in *United States v. Phillips*, No. 2:23-cr-00332-MHH-GMB-2 (N.D. Ala.) ("*Phillips*"). *See* Information, Doc. 1, filed August 30, 2023, in *Phillips*. United States District Judge Madeline Hughes Haikala accepted the plea, judged Ms. Phillips guilty of the charged count and set sentencing for April 24, 2024. *See* Minute Entry, filed November 21, 2023, in *Phillips* (accepting plea and judging Ms. Phillips guilty); Doc. 44, filed November 21, 2023, in *Phillips* (setting sentencing); Transcript of Plea Hearing, November 21, 2023, in *Phillips*.

Count One of the Information charges Ms. Phillips pursuant to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, and states Ms. Phillips:

> did knowingly and willfully conspire, combine, and agree to commit offenses against the United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property belonging to others by means of materially false and fraudulent pretenses, representations, and promises, by use of interstate wire communications and transmissions, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

8.  It was a purpose of the conspiracy for defendants **KENNETH L. PHILLIPS** and **DANIELLE A. PHILLIPS** to unlawfully enrich themselves by submitting and causing the submission of a false and fraudulent application for COVID-19 grant funds from the State of Alabama and then using the funds received from the State of Alabama for their personal use.

Information at 2-3; *see also* Plea Agreement at 2-10, Doc. 42, filed November 21, 2023, in *Phillips* (setting forth the factual basis for Ms. Phillips' plea and Ms. Phillips' stipulation that the facts stated in the Plea Agreement are substantially correct).

Ms. Phillips, along with co-defendant Kenneth L. Phillips, applied for and received Covid Relief Funds from the State of Alabama through the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), to operate a nonprofit charity called Priority Soldier Inc. ("PSI) to assist veterans dealing with the COVID-19 pandemic. *See* Plea Agreement at 2. PSI received $1,903,790.00 from the State of Alabama. *See* Plea Agreement at 2. On the day the funds posted to the PSI bank account and during the next four weeks, Ms. Phillips and Kenneth Phillips received checks marked "paycheck" and "payroll" totaling $453,500. Plea Agreement at 7-8 (Ms. Phillips' checks totaled $230,000 and Kenneth Phillips' checks totaled $223,500). Later, after the Alabama Department of Finance ("DOF") requested a financial report on the project, "[d]espite using little to no [Covid Relief Fund] funds for their intended purpose," Kenneth Phillips responded with a financial report showing that all but $54,617.04 had been spent. Plea Agreement at 8. Ms. Phillips later confirmed the amount remaining was $54,617.04 and "PSI subsequently issued a check to the DOF in the amount of $54,617.04." Plea Agreement at 8. At that time, "there was still $1,486,451.12 in the PSI bank account." Plea Agreement at 8-9 (noting that the PSI bank account had received approximately $119,000 in deposits after receiving the funds from the DOF); *see also* Plea Agreement at 7 (the balance in the PSI bank account prior to receiving the funds from the DOF was $72,790.37). After Kenneth Phillips and Ms. Phillips returned the $54,617.04 to the Alabama DOF, "they began funneling the remaining $1,486, 451.12 in the PSI bank account to themselves . . . In total, Danielle A. Phillips received approximately $1,039,000 from the PSI

account to her personal bank account . . . while Kenneth L. Phillips received approximately $390,000 from the PSI account to his personal bank account." Plea Agreement at 9.

After notifying Ms. Phillips of the Court's obligation to maintain and enforce high standards of conduct to uphold the integrity of the Court and maintain the public confidence in the judiciary, and the Court's inherent supervisory power over the conduct of attorneys appearing in its courtrooms including the ability to discipline attorneys who appear before it, the Court ordered Ms. Phillips to show cause why the Court should not permanently disbar her based on the stipulated facts in her Plea Agreement and the guilty judgment in *Phillips*. *See* Order to Show Cause, Doc. 11, filed January 12, 2024 (notifying Ms. Phillips that she may request that the Panel conduct a hearing to determine whether permanent disbarment is appropriate). Ms. Phillips did not show cause or otherwise respond to the Court's Order to Show Cause by the February 2, 2024, deadline.

The Court concludes that permanently disbarring Ms. Phillips is appropriate discipline in this case due to the nature of Ms. Phillips' conduct and her failure to respond to the Court's Order to Show Cause.

> The most fundamental duty a lawyer owes to the public is the duty to maintain standards of personal integrity upon which the community relies. The public expects lawyers to be honest and to abide by the law; public confidence in the integrity of officers of the court is undermined when lawyers engage in illegal or other dishonest conduct.

Standard 5.0 Violations of Duties Owed to the Public, Annotated Standards for Imposing Lawyer Sanctions at 227, American Bar Association (2d ed. 2019) ("ABA Standards"). "Disbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes . . . fraud." Standard 5.11(a), ABA Standards at 238, 238 (citing cases where criminal convictions involving fraud warranted disbarment); *see also Matter of Behles*, 2019-NMSC-016 (permanently disbarring attorney where attorney violated New Mexico Rules of

Professional Conduct by commingling client's $7,500 retainer, $25,000 flat fee and $19, 239 court disbursement with her firm's operating account and ordering attorney to pay restitution to client in the amount of $19, 239); *In the Matter of David Proper, Esq.*, No. S-1-SC-39587, filed July 27, 2023 (N.M.) (permanently disbarring attorney who accepted $5,000 flat fee from his client, did not take any action and only returned $2,500 when client terminated attorney).

> Even though disbarment is reserved for the most serious cases, a majority of jurisdictions allow for application for readmission after a period of time, typically five years. In the interest of protecting the public, however, the presumption should be against readmission.

Standard 2.2 Disbarment, ABA Standards at 54. The United States District Court for the Northern District of Alabama judged Ms. Phillips guilty of conspiracy to commit offense or to defraud United States. Ms. Phillips' criminal conduct, as described in her Plea Agreement, is serious.

> In total, **DANIELLE A. PHILLIPS** received approximately $1,039,000 from the PSI account to her personal bank account between December 2020 and August 2021, while [codefendant] **KENNETH L. PHILLIPS** received approximately $390,000 from the PSI account to his personal bank account between December 2020 and October 2021. While both **KENNETH L. PHILLIS** and **DANIELLE A. PHILLIPS** used the funds for personal items/expenses, **DANIELLE A. PHILLIPS** used the money she received from the PSI bank account to purchase three Porsche vehicles, a 4.04 carat diamond for the price of $75,350, another $100,000 in jewelry and Rolex watches, and numerous other personal expenses.

Plea Agreement at 2, 9-10 (stating the maximum statutory punishment that may be imposed includes imprisonment for not more than 5 years and/or a fine of not more than $250,000). Ms. Phillips has not filed a response to the Order to Show Cause setting forth any argument, legal authority or mitigating circumstances to show that disbarment is not appropriate or rebutting the presumption against readmission.

The Court **PERMANENTLY DISBARS** Danielle Phillips from practice before the United States District Court for the District of New Mexico, effective from the date of this Order. *See In re Bello*, 237 Fed.Appx. 363, 366 (10th Cir. 2007) ("The District of New Mexico has 'inherent

supervisory power' over the conduct of attorneys appearing in its courtrooms and this power includes the ability 'to control admission to its bar and to discipline attorneys who appear before it.'") (quoting *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted)).

The Clerk of Court shall provide a copy of this Order to:

(i) The District and Magistrate Judges of the District of New Mexico;[1]

(ii) The District of New Mexico's Criminal Justice Act Managing Attorney so that the necessary steps can be taken to have substitute counsel appointed to represent any defendants still represented by Ms. Phillips; and

(iii) The Clerk of Court for the United States Court of Appeals for the Tenth Circuit because Ms. Phillips has represented some defendants who have filed appeals.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**


 /s/
_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**


 /s/
_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] The Panel is not instructing the Clerk to provide a copy of this Order to the State Bar of New Mexico because Ms. Phillips is not a member of the State Bar of New Mexico. Ms. Phillips was admitted to practice in the District of New Mexico because, at the time she applied, she was an employee of the Office of the Federal Public Defender for the District of New Mexico.